# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0609-16T2

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

R.J.,

    Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF J.A.J., a Minor.

_____

        Submitted September 19, 2017 – Decided October 5, 2017

        Before Judges Reisner and Gilson.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Family Part, Ocean
        County, Docket No. FG-15-0024-16.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Anna Patras, Designated
        Counsel, on the brief).

        Christopher S. Porrino, Attorney General,
        attorney for respondent (Melissa Dutton
        Schaffer, Assistant Attorney General, of
        counsel; Robert D. Guarni, Deputy Attorney
        General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Phyllis Warren, Designated Counsel, on the brief).

PER CURIAM

Defendant R.J. appeals from an August 25, 2016 order terminating his parental rights to his son J.A.J., who was born in 2012. We affirm substantially for the reasons stated in Judge Joseph L. Foster's comprehensive written opinion issued on August 25, 2016.

The evidence is detailed in Judge Foster's opinion and can be summarized briefly here. Defendant is a drug addict who has repeatedly relapsed into drug use, despite multiple efforts by the Division of Child Protection and Permanency (Division) to provide him with treatment. Defendant failed a drug test for cocaine shortly before the trial commenced, and he was discharged from his most recent drug treatment program for noncompliance. He also has a history of domestic violence, failed to complete a batterer's intervention program, and failed to complete an individual counseling program. The Division produced unrebutted expert testimony that defendant was unable to safely act as the child's parent at the time of the trial and would be unable to do so in the foreseeable future. In his trial testimony, defendant conceded that he was unable to care for the child, but stated that he

preferred that the child be placed with either his paternal grandfather or maternal grandmother.

The Division initially placed the child with a paternal aunt in 2014. After about a year, the aunt could not continue taking care of the child but she recommended family friends, who are now the child's foster parents. The child has lived with the foster family since August 2015. He has a parent-child relationship with them and they are committed to adopting him. According to the Division's expert, the child does not have a similar parental bond with defendant. The child's mother voluntarily surrendered her parental rights in favor of the foster parents.

Before and after placing the child with the aunt, the Division evaluated several other relatives, who were either unwilling to care for the child or were ruled out as placements. Pertinent to this appeal, at the time of the trial, the child's paternal grandfather had not visited with the child in two years, and had not appealed from either of two rule-out letters the Division sent him. The maternal grandmother had only visited the child twice in two years, and failed to appear for a psychological evaluation until shortly before the trial.

Based on his evaluation of the trial evidence, including witness credibility, Judge Foster concluded that the Division had satisfied the four prongs of the best interests test, <u>N.J.S.A.</u>

30:4C-15.1(a). The judge specifically found that the grandfather was not a credible witness, both grandparents had shown "a manifest lack of commitment" to the child, and it would not be in the child's best interests to remove him from his foster family and place him with either grandparent.

On this appeal, defendant presents the following points of argument:

> The Decision to Terminate Defendant's Parental Rights was Not Supported by Sufficient Credible Evidence.
>
> > Prongs One & Two: DCPP Failed to Demonstrate by Clear and Convincing Evidence a Causal Connection Between the Father's Actions and Harm or Imminent Risk of Harm to JJ and That The Father Was Unwilling or Unable to Eliminate That Harm.
> >
> > Prong Three: DCPP Did Not Provide "Reasonable Efforts", Including an Inquiry Into Alternatives to Termination.
> >
> > Prong Four: The Trial Court Erred in Finding That The Termination of the Father's Parental Rights Will Not Do More Harm Than Good.

Based on our review of the record, we conclude that Judge Foster's factual findings are supported by substantial credible evidence, and his legal conclusions are unassailable in light of those findings. See N.J. Div. of Youth & Family Servs. v. R.G., 217 N.J. 527, 552 (2014). Defendant's appellate arguments are

based on testimony the judge did not find credible and are otherwise not supported by the record. His contentions are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0609-16T2